**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**PECOLIA DIGGS**                                                                                          **PLAINTIFF**

**v.**                                                    **3:06CV00213-WRW**

**OSCEOLA POLICE DEPT.**                                                                          **DEFENDANT**

**ORDER**

Pending is Defendant's Motion to Dismiss (Doc. No. 9). Plaintiff, a *pro se* individual, has not responded. Plaintiff has alleged that she suffered due process violations at the hands of the Defendants and brought suit under 42 U.S.C. § 1983. For the reasons stated below, Defendant's Motion is GRANTED.

"A *pro se* complaint is to be liberally construed and should not be dismissed unless the plaintiff can prove no set of facts to support the claim(s)."[1] A complaint, while construed in favor of the plaintiff,[2] must allege facts sufficient to state a claim as a matter of law.[3] Although *pro se* complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced."[4] "[P]*ro se* litigants must set forth [a claim] in a manner which, taking the pleaded facts as true, states a claim as a matter of law."[5]

---

[1] *Russell v. City of Overland Police Dept*. 838 F. Supp. 1350, 1351 (E.D. Mo. 1993) (citing *Ouzts v. Cummins*, 825 F.2d. 1276, 1277 (8th Cir. 1987).

[2] *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799 (8th Cir. 2006); *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

[3] *Id*.

[4] *Id*. (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

[5] *Id*. (citing *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

Defendant argues that Plaintiff's claims against it should be dismissed because it is a legal entity capable of being sued. Defendant relies on *Ketchum v. City of West Memphis*,[6] to support the proposition that it is a division of county government and not a separate juridical entity. In *Ketchum*, the Eighth Circuit approved the district court's dismissal of Section 1983 claims against the West Memphis (Arkansas) Police Department and West Memphis Paramedic Services because those defendants were "not juridical entities suable as such. They are simply departments or subdivisions of the City government."[7]

Because municipal police departments are not considered separate legal entities capable of being sued, Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED this 18th day of January, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[6] 974 F.2d 81, 82 (8th Cir.1992).

[7] *Id*.